IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | )  Case No. 12-CR-30116-MJR |
| EDWARD C. M. MOLTON, JR., | ) ) ) |
| Defendant. | ) |

ORDER

REAGAN, District Judge:

Defendant Edward C.M. Molton, Jr., charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), is scheduled to go to trial on February 25, 2013. On January 3, 2013, Molton filed a motion in limine seeking to limit the introduction of evidence at trial regarding (1) the shooting of Kenneth Brown, and (2) Molton's alleged gang affiliations (Doc. 46). Also before the Court is the Government's response in opposition (Doc. 58). By minute order dated January 18, 2013, the Court denied Molton's motion, with the promise of a written order to follow (Doc. 59).

A. <u>Applicable Legal Standards</u>

*In limine* is Latin for "at the outset." A motion in limine is a motion made at the outset or threshold of the case, typically prior to the commencement of trial. *See* Black's Law Dictionary (9th ed. 2009).[1] The Federal Rules of Evidence do not explicitly authorize in limine rulings, but the practice of using such rulings has developed under the district court's inherent

---

[1] The United States Supreme Court has used the term more broadly, "to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984).

1

authority to manage trials. *Luce v. U.S.,* 469 U.S. 38, 41 n.4 (1984). "Motions in limine are of course common, and frequently granted, in criminal as in civil trials." *U.S. v. Warner,* 506 F.3d 517, 523 (7th Cir. 2007).

Motions in limine are intended "to avoid the delay and occasional prejudice caused by objections and offers of proof at trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999). *Accord Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996)(motions in limine aid the trial process by "enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence … without lengthy argument at, or interruption of, the trial."). Such motions permit the district court to eliminate evidence "that clearly ought not be presented to the jury," because it is "inadmissible for any purpose," *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997). Additionally, the "prudent use of the *in limine* motion sharpens the focus of [the] trial proceedings." *Jonasson*, 115 F.3d at 440.

As the United States Court of Appeals for the Seventh Circuit has summarized: "Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *U.S. v. Tokash,* 282 F.3d 962, 968 (7th Cir.), *cert. denied,* 535 U.S. 1119 (2002), *citing U.S. v. Haynes,* 143 F.3d 1089, 1090 (7th Cir. 1998), and *U.S. v. Blassingame,* 197 F.3d 271, 279 (7th Cir. 1999). *See also U.S. v. Acox,* 595 F.3d 729, 733 (7th Cir. 2010)(If issue raised by motion in limine is definitively resolved before trial, an objection at trial is unnecessary).

The Court should grant a motion in limine only if the movant demonstrates that the evidence in question is inadmissible on any ground, for any purpose. *See, e.g., Jonasson,* 115 F.3d at 440; *Ellis v. Country Club Hills*, 2011 WL 6001148 (N.D. Ill. 2011).

Motion in limine rulings are made before the district court has had a chance to hear all of the evidence or see the trial develop. As such, these rulings are preliminary and may be

2

revisited based on the court's exposure to the evidence at trial. *U.S. v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989), *citing Luce,* 469 U.S. at 41 ("a ruling [in limine] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Furthermore, the Court may defer decision on a motion in limine until trial, if the motion needs to be placed in a fact-specific or evidence-specific context. The Seventh Circuit noted in *Jonasson,* 115 F.3d at 440:

> [T]he motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings. It … permits the trial judge to eliminate from further consideration evidentiary submissions that clearly out not be presented to the jury….
>
> Some evidentiary submissions, however, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. In these instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate its impact on the jury.

*See also Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied,* 423 U.S. 987 (1975)(often, the "better practice is to deal with questions of admissibility of evidence as they arise," presenting the issues in a specific context, rather than excluding broad categories of evidence prior to trial); *National Union Fire Ins. Co. v. L.E. Myers Co. Group,* 937 F. Supp. 276, 287 (S.D. N.Y. 1996)(district court can deny a motion in limine that lacks the necessary specificity as to the evidence to be excluded or the reason for the introduction of such evidence; court also can reserve ruling until trial, when admission of particular pieces of evidence can be viewed in an appropriate factual context.). With these principles in mind, the Court turns to the motions in limine filed in the instant case.

B. <u>Analysis</u>

Defendant Molton anticipates, and the Government confirms, that at trial the Government will present evidence that after Kenneth Brown was shot, FBI Agents Nick Manns and Bryan Yingling proceeded to Brown's family home, anticipating retaliation from a rival neighborhood gang. It was there that Defendant Molton was arrested, after the FBI Agents spotted him in the immediate vicinity of a semi-automatic rifle. The Government also intends to present evidence that Molton identified himself to his cellmate as a Waverly Crip/Tres-Nine (a 39th street gang), and that Brown was known by law enforcement as being a gang leader in that neighborhood. In addition, the Government intends to present evidence that Molton essentially admitted that he obtained the rifle at issue and was waiting for someone to bring him gloves when he was arrested.

Molton argues that admission of evidence regarding the circumstances of Kenneth Brown's shooting and Molton's gang affiliation and friendship is overly prejudicial and will lead the jury to leap to the conclusion that Molton is guilty, when there is no other evidence actually linking Molton to the shooting and rifle. Molton argues that this prejudicial evidence of guilt by association should be excluded under Federal Rule of Evidence 403. Molton also contends that this evidence is inadmissible under Rule 404(b), to show that Moton acted in conformity with a prior bad act or bad character.

The Court of Appeals for the Seventh circuit has recognized that gang affiliation is potentially prejudicial and inflammatory, and that jurors are likely to associate gang affiliation with violence, raising the specter of guilt by association. *U.S. v. Ozuna*, 674 F.3d 677, 681-683 (7th Cir. 2012); *U.S. v. Santiago*, 643 F.3d 1007, 1011 (7th Cir. 2011). Nevertheless, evidence of gang affiliation is not automatically excluded; for example, it may be admitted to demonstrate a

4

relationship between individuals (*see U.S. v. King*, 627 F.3d 641, 649 (7th Cir. 2010) (evidence of conspiracy)), or to show motive (*see U.S. v. Montgomery*, 390 F.3d 1013, 1018 (7th Cir. 2004)).

Federal Rule of Evidence 404(b) is a specialized rule of relevance that allows evidence of other acts of a defendant to be admitted at trial to prove motive, intent, common scheme, etc., subject of course to the strictures of Rule 403. *See Warren v. Solo Cup Co.,* 516 F.3d 627 (7th Cir. 2008). In making the determination of whether to admit evidence of other or prior acts, the Court of Appeals for the Seventh Circuit has delineated the following considerations:

> (1) the evidence must be directed toward establishing something at issue other than a party's propensity to commit the act charged; (2) the other act must be similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence must be such that the jury could find that the act occurred and the party in question committed it; and (4) the prejudicial effect of the evidence must not substantially outweigh its probative value.

*Mathis v. Phillips Chevrolet, Inc.,* 269 F.3d 771, 775–776 (7th Cir. 2001) (quoting *Gastineau v. Fleet Mortgage Corp.,* 137 F.3d 490, 494–495 (7th Cir. 1998)). The fourth consideration, regarding weighing prejudice and probative value, reflects the standard in Rule 403. *See United States v. Ciesiolka,* 614 F.3d 347, 357–358 (7th Cir. 2010) ("We have previously explained that the Rule 403 standard incorporated in the requisite test for admitting evidence under Rule 404(b) has teeth.").

This is not a situation where the Government's case will be premised solely upon Defendant Molton's purported gang affiliation and the gang aspects of Brown's shooting, so the possibility of guilt merely by association is minimized. Molton and Brown's mutual gang affiliation is relevant to the overarching factual scenario at issue, Molton's presence at the scene, and why he would have a rifle. Molton's cellmate's statement, if admitted, provides additional evidence tying Brown and Molton together and explaining the Government's case against Molton. The relevance and probative nature of this evidence outweighs the obvious prejudice. Therefore, Defendant Molton's motion in limine (Doc. 46) is **DENIED**.

The parties are reminded that the Court can reverse this ruling at trial, where admission of the gang affiliation evidence against defendant Molton can be viewed in an appropriate factual context.

IT IS SO ORDERED.

DATED: January 29, 2013

                                                            s/ *Michael J. Reagan*
                                                            MICHAEL J. REAGAN
                                                            UNITED STATES DISTRICT JUDGE